That a firm owed accused or his father for work performed is no defense to a prosecution for forging a check purporting to be drawn by the firm, though accused intended that the amount thereof should be credited on the account.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 56; Dec. Dig. § 20.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

W. A. Morville was convicted of forgery, and he appeals. Affirmed.

Wiley & Baskett, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case appellant was convicted of the offense of forgery upon an indictment duly presented by the grand jury of Dallas county.

[1] Appellant attacks the validity of the indictment, and this presents the only serious question in the case. The indictment reads as follows: "In the name and by the authority of the state of Texas, the grand jurors, good and lawful men of the county of Dallas and state of Texas, duly elected, tried, impaneled, and sworn and charged to inquire of offenses committed within the body of said county of Dallas, upon their oaths do present in and to the criminal district court of Dallas county at the July term, A. D. 1909, that one W. A. Morville on the 17th day of July in the year of our Lord one thousand nine hundred and nine, with force and arms, in the county and state aforesaid, without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a certain false instrument in writing purporting to be the act of another (to wit, purporting to be the act of Austin Brothers), which said false instrument is to the tenor as follows: 'Dallas, Texas, July 17, 1909. The American Exchange National Bank of Dallas. Pay to the order of W. A. Morville $10.00 ten and $^{00}/_{100}$ —— dollars. Austin Bros. Charge same to account of 1 months' Drayage.'"

The contention of appellant is that, as the indictment alleged the forgery of a firm name, it should have alleged that Austin Bros. was a firm or partnership, and should also have alleged the name of the members of the firm or partnership. Appellant's contention seems to have some support in the case of Labbaite v. State, 6 Tex. App. 484 but this case seems not to have been followed in the later decisions of this court. In the case of Brown v. State, 132 S. W. 790, it is held: "Finally, it is urged that the indictment is insufficient, in that it fails to allege whether or not the Cameron Live Stock Company was a partnership, a joint-stock company, or a corporation. The contention seems supported by Labbaite v. State, 6 Tex. App. 483. However, that case was overruled in

the more recent case of Howard v. State, 37 Tex. Cr. R. 494 [36 S. W. 475, 66 Am. St. Rep. 812]." Again, in the case of Brod v. State, 42 Tex. Cr. R. 71, 57 S. W. 671, this court, speaking through Presiding Judge Davidson, says: "Motion was made to quash the indictment because the instrument was the act of partnership or firm, and the individual names of the partners or members of the firm are not set out in the indictment, nor does said indictment allege the names of said partners or members of the firm were unknown to the grand jury. The court acted properly in overruling the motion." All of the more recent cases hold that it is unnecessary to allege the names of a firm or partnership in an indictment for forgery, or allege that it is the act of any particular person.

[2] Appellant also objected to the evidence being introduced that the firm of Austin Bros. was composed of Frank Austin and Geo. L. Austin, and that the alleged false instrument was in the handwriting of neither one, nor authorized to be signed by either of them. In the authorities above cited the objection is held not to be tenable.

[3] The complaint in the motion in regard to the testimony of the witness Michalson cannot be considered by us, as there is no bill of exceptions in the record reserved to it being admitted.

[4] Appellant also complains that the court erred in not charging the jury "that if defendant made the instrument complained of, but at the time the said Austin Bros. owed him or his father for whom he was working for hauling or otherwise, and that defendant in so making the instrument intended that said check should be credited on the hauling account, he should be acquitted." There was no evidence calling for this character of charge, and, if such evidence had been introduced, it would be no defense to a charge of forgery. If one person should owe another, it would not authorize such person to sign his creditor's name to a check, and obtain money thereon, representing that such instrument had been signed by his employer.

The judgment is affirmed.

---

CORTEZ v. STATE.

(Court of Criminal Appeals of Texas. Nov. 22, 1911.)

CRIMINAL LAW (§ 1097*) — APPEAL AND ERROR—STATEMENT OF FACTS—INSTRUCTION—EVIDENCE.

In the absence of a statement of facts, alleged errors in instructions, and that the verdict was not supported by the evidence, cannot be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2862; Dec. Dig. § 1097.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Daniel Cortez was convicted of assault to murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of assault to murder; his punishment being assessed at two years confinement in the penitentiary.

It is urged on motion for new trial in the court below that the court erred in not charging on aggravated assault. This alleged error cannot be considered for the reason the statement of facts is not before us, and there is nothing to indicate to this court that that issue was in the case.

It is also urged that the verdict of the jury is not supported by the evidence. For the same reason—that is, the evidence is not in the record—we cannot review this question.

The indictment is in proper form, which has been used and held good by the decisions in this state.

As the record is presented to us, no sufficient reason is shown why the judgment should be reversed.

Therefore it is ordered to be affirmed.